In the matter of the alleged contempt of the HUDSON COUNTY NEWSPAPER GUILD et al.

[Submitted October 28th, 1938. Decided February 6th, 1939.]

*Messrs. Isserman & Isserman,* for the appellants.

*Mr. Alfred Brenner,* for the respondent.

PER CURIAM.

Appellants appeal from a decree of the court of chancery adjudging them guilty of contempt of that court for disobeying and violating certain clauses of a restraining order, dated November 22d, 1937. For the opinion of this court on the appeal from that order see *124 N. J. Eq. 71.*

The appellants were adjudged guilty of violating four paragraphs of the restraining order, namely, paragraphs g, j, p and q. At the request of the judges, the following questions were ordered to be voted upon separately:

First. Shall the decree be affirmed in so far as it adjudges appellants guilty of violating paragraphs g and j of the order? These paragraphs restrained appellants in the following language:

"(g) From making any illegal effort to coerce the complainant to enter into any contract or agreement with all or any of the defendants."

"(j) From unlawfully interfering with, hindering or obstructing complainant's business, and the operation thereof, or from in any manner attempting to illegally induce or compel, by threats, intimidation, force or violence, or otherwise, any of complainant's employes to leave complainant's service, or to refuse or fail to perform their duties as such employes."

For affirmance—Trenchard, Hetfield and Rafferty, JJ.

For reversal—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Wells, WolfsKeil and Walker, JJ.

Second. Shall the decree be affirmed in so far as it adjudges appellants guilty of violating paragraph p of the order? This paragraph restrained appellants:

"(p) From soliciting by coercive means merchants, storekeepers, industries or other persons to refrain from advertising in said newspaper published by the complainant."

For affirmance—The Chief-Justice, Trenchard, Parker, Case, Bodine, Donges, Porter, Hetfield, Wells, WolfsKeil, Rafferty and Walker, JJ.

For reversal—Heher and Perskie, JJ.

Third. Shall the decree be affirmed in so far as it adjudges appellants guilty of violating paragraph q of the order? This paragraph restrained appellants:

"(q) From causing or permitting sound trucks equipped with loud speaking apparatus, to be transported through the streets of the city of Bayonne, making announcements of the existence of a strike in the plant of the complainant, or from placing said sound truck either on the public highways or other places from which announcements of the existence of said strike is being made."

For affirmance—Trenchard, Parker, Case, Bodine, Porter, Hetfield, Wells and Rafferty, JJ.

For reversal—The Chief-Justice, Donges, Heher, Perskie, WolfsKeil and Walker, JJ.

Violation paragraph "p"—

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, PORTER, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 12.

*For reversal*—HEHER, PERSKIE, JJ. 2.

Conviction paragraph "q"—

*For affirmance*—TRENCHARD, PARKER, CASE, BODINE, PORTER, HETFIELD, WELLS, RAFFERTY, JJ. 8.

*For reversal*—THE CHIEF-JUSTICE, DONGES, HEHER, PERSKIE, WOLFSKEIL, WALKER, JJ. 6.

Conviction paragraphs "g" and "j"—

*For affirmance*—TRENCHARD, HETFIELD, RAFFERTY, JJ. 3.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, WELLS, WOLFSKEIL, WALKER, JJ. 11.